THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ M. RAMOS, Defendant and Appellant.

No. CE-64-31.     Decided June 30, 1965.

*Miguel A. Ferrer* and *Raúl Ramos Torres* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for appellee.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

A policeman served José M. Ramos with a ticket on January 1, 1964 for a violation of the Vehicle and Traffic Law, Act No. 141 of July 20, 1960, under the Simultaneous Complaint and Citation System (Ticket System). Section 9-101, 9 L.P.R.A. §§ 1491 *et seq.* (1963 ed.).

The case having been called for trial in the District Court, Cabo Rojo Part, the dismissal of the case was requested because no probable cause had been filed by a judge pursuant to the Rules of Criminal Procedure. In a reasoned judgment the Cabo Rojo Part refused to order the dismissal but stayed the proceedings and ordered that both, policeman and

defendant, be summoned at the proper time for "the determination of probable cause" in the proper Part.

The People of Puerto Rico appeared in the Superior Court, Mayagüez Part, by certiorari to review the previous order. The Mayagüez Court did not agree and entered judgment vacating that of the District Court. At the request of defendant we issued a certiorari to the Superior Court, partly to establish in a uniform manner the pattern to be followed in the whole Court of First Instance.

We adopted for the first time the ticket system in Act No. 93 of June 29, 1954. It was provided that when intervening with the violation contained in the Act the policeman shall sign the ticket, which shall contain the citation of defendant to appear before the Court, shall deliver a copy to the defendant, and shall verify the original to be filed in the proper Part of the District Court. Act No. 93 provided that in so acting, *the policeman shall be considered* for all legal purposes *as a judicial officer*. It was also provided that when intervening the policeman shall require the offender to surrender his driving license, and if this were surrendered the offender shall not be arrested. If defendant does not appear in court, or if he appears and pleads not guilty the judge shall order *a complaint to be entered in the ordinary manner*. See *Martínez* v. *Superior Court*, 81 P.R.R. 913 (1960) concerning this procedure.

The ticket system was reproduced substantially exact to the Vehicle and Traffic Law of 1960. The provision that for all legal purposes the intervening policeman shall be considered as a judicial officer was kept. The provision regarding appearance in court was modified now permitting that the case on the merits be heard on the basis of the form or ticket filed, even if a plea of not guilty is entered, unless it is alleged that the ticket does not properly acquaint defendant with the violation or that the acts charged do not constitute

a public offense, in which cases an ordinary complaint shall be filed.

Different from the situation in *Dorado Beach Corp.* v. *Superior Court, post,* p. 594, the legislative action alleged herein to be in conflict with the Rules of Criminal Procedure was prior to the adoption of the said Rules in 1963. In the case of Dorado the legislation was subsequent.

Rules 5, 6 and 7 of the Rules of Criminal Procedure provide as a whole the steps to determine probable cause for arrest by a magistrate, which must be preceded by a complaint in writing charging the commission of an offense by the person against whom it is charged. In the ticket system the surrender of the license substitutes the arrest and it is not made. The summons is not actually made by a magistrate as provided by Rule 7 (a) but it is provided that upon intervening, denouncing and summoning, the policeman acts as a judicial officer.

The problem, if any, is that pursuant to Rule 22 (c) the magistrate shall remit the complaint or summons to the corresponding Section or Part of the Court of First Instance where further proceedings will be had. Such further proceedings is the holding of the trial pursuant to Rule 24, which also provides that the complaint transmitted by the magistrate "shall be the basis for the same." On the other hand, albeit Rule 5 provides that a complaint by information or belief shall be the basis for the trial, only when the magistrate shall have determination of probable cause, in the system under consideration such cannot be the case because the officer must witness the violation.

Actually, we do not see irreconcilable conflicts between the ticket system in the cases it is applied and the procedure of the Rules when an arrest is not involved. But if that conflict existed we have to decide that the procedure of the system is an integrated one enacted by the Legislator with a view to a specific public policy in the interest of desirable

results in matter of traffic in general. Unless there were an express provision, the Rules with the subsequent direct or implicit acceptance by the Legislature substituting the system, we shall not say that this has been rendered invalid. It subsists as a special proceeding with specific purposes.

The Rules of Criminal Procedure of 1963 have not repealed the ticket system, and the trials on the merits for these violations may be held with the form or ticket as basis therefor, except in cases in which the system itself provides that an ordinary .complaint shall be filed.

The writ issued will be quashed, and the record returned to the trial court for further proceedings compatible with the pronouncements made herein.

Mr. Justice Hernández Matos and Mr. Justice Blanco Lugo did not participate herein.